WO

JL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Timothy J. Salazar,

Plaintiff,

v.

David Shinn, et al.,

Defendants.

No.   CV 21-01465-PHX-JAT (CDB)

**ORDER**

On August 24, 2021, Plaintiff Timothy J. Salazar, who is confined in the Arizona State Prison Complex (ASPC)-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a September 29, 2021 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 19, 2021, Plaintiff a Motion to Amend (Doc. 8) and lodged a proposed First Amended Complaint (Doc. 9).  The Court gave Plaintiff leave to amend in the September 29, 2021 Order.  The Court will therefore grant the Motion to Amend, direct the Clerk of Court to file the lodged First Amended Complaint, and dismiss the First Amended Complaint with leave to amend.

## I.	Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28

JDDL-K

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.      First Amended Complaint

In his two-count First Amended Complaint, Plaintiff sues Arizona Department of Corrections (ADC) Director David Shinn and Security Threat Group (STG) Officer Uehling.   Plaintiff asserts claims regarding his classification as a maximum custody prisoner and his removal from the STG Step Down Program.   He seeks monetary relief, as well his court fees and costs for this case.

Plaintiff alleges the following:

On April 20, 2016, Plaintiff was transferred to ASPC-Eyman Browning Unit for various disciplinary violations and an investigation.[1]   In February 2018, presumably after he was validated as an STG member, Plaintiff was reclassified and moved to Wing 4 at Browning Unit, a maximum custody unit.[2]   Beginning in January 2020, Plaintiff participated in the STG Step-Down Program.   On July 16, 2020, Plaintiff was removed from the STG Step-Down Program.

On April 4, 2021, Defendant Shinn implemented a new Department Order 806, Security Threat Groups (STGs) Policy.   According to Plaintiff, under the new DO 806, Plaintiff's validation as an STG member "is no longer an administrative decision."[3]

On May 19, 2021, Correctional Officer (CO) III Harper "held a pre-determined

---

[1] According to Plaintiff's ADC record, on March 11, 2016, he was found guilty of conspiracy to commit a Class A felony.   *See* https://corrections.az.gov/public-resources/inmate-datasearch (search by inmate number 258054 in Active Inmates) (last accessed Nov. 22, 2021).

[2] Plaintiff's ADC records indicates that his last movement was on December 27, 2017, when he was moved to ASPC-Eyman Browning STG.   *See* https://corrections.az.gov/public-resources/inmate-datasearch, *supra* n.1.

[3] As relevant here, Department Order 806.5.3 provides, "To become *eligible* for custody reductions and housing status changes, a validated STG member or terrorist classified as Maximum Custody shall complete one of the following conditions: . . . Qualify for custody reductions as outlined in Department Order #801, Inmate Classification, after having successfully completed a 24 month period where they have not participated in any documented STG/Gang or terrorist activity."   *See* https://corrections.az.gov/sites/default/files/policies/800/0806_041521.pdf   (emphasis added) (last visited Nov. 22, 2021).

review classification." CO III Harper stated that Plaintiff's "score" was 45/33, close/3; he was a validated member of the Mexican Mafia, an STG; he had two major disciplinary violations in the previous three years, the last of which was in 2018; and he had completed all available programming. CO III Harper noted that, "per SSU," Plaintiff was to remain in maximum custody due to STG activity in the past 24 months. Plaintiff told CO III Harper "that has to be a mistake," because Plaintiff had not been involved in any STG activity in the previous 24 months. CO III Harper told Plaintiff that she "receives the inmates reclass forms and reclassed the inmates." Plaintiff asked CO III Harper to see or review the documentation stating that he had been involved in STG activity within the previous 24 months, as required under Department Order 801.[4] CO III Harper told Plaintiff he would "have to get with SSU."

On May 26, 2021, Plaintiff sent Lieutenant Quintero an Inmate Letter stating that he met all the requirements to be moved to a lower custody yard but had been "denied per SSU" because of STG activity in the previous 24 months, stating that he had not engaged in any STG activity, and asking Quintero what he was "missing." On May 28, 2021, Plaintiff received a response from SSU Officer Madrigal, which stated, "you are denied due to pending charges," and any questions regarding the charges would "have to go through STG."[5] On May 31, 2021, Plaintiff filed an informal complaint asserting that ADC was violating his due process rights.

---

[4] Department Order 801 sets forth the procedures for maximum custody placement and removal. As relevant here, the CO III or CO IV must "serve the inmate with the Notice of Hearing and Inmate Rights (Proposed Maximum Custody Placement), Form 801-6 and a Request for Witness, Form 801-2 at least 48 hours prior to the commencement of the hearing. The Notice of Hearing and Inmate Rights shall include a detailed account of the incident(s), any discipline rule violations used as rationale for the proposed placement, and a summary of the evidence relied on." *See* https://corrections.az.gov/sites/default/files/policies/800/0801.pdf (last visited Nov. 22, 2021).

[5] Plaintiff notes that under DO 801.4, "[a]ll classification actions require an AIMS entry immediately following the finalized AIMS classification screen. This includes changes to internal risk scores and the 180-day / annual reviews for Maximum Custody and overrides." *See id.* In addition, DO 801.4.1.2 provides, "If information is obtained that indicates the inmate has pending felony charges, the Felony Hold Code shall be entered on the AIMS detainer/warrant history screen. A detainer and/or warrant do not need to be present." *Id.*

On June 10, 2021, Plaintiff sent an Inmate Letter to Lieutenant Quintero asking which STG officer Plaintiff had to speak to resolve "this issue."  On June 15, 2021, Lieutenant Quintero responded to the letter, stating, "you are pending charges [and] according to the STG unit, you will not be eligible for reduction until charges are done, this was the reason for your removal from step-down."  On June 23, 2021, Plaintiff asked CO III Kenny if he could check the AIMS system to find out whether Plaintiff had a felony hold in his file.  CO III Kenny told Plaintiff he did not see a felony hold, detainer, or warrant in Plaintiff's AIMS file.

In an Inmate Letter Response,[6] Defendant Uehling stated, "I have reviewed your inmate letter, you were informed wrong, it's not your past charges or convictions that got you removed.  Although what would get you removed would be charges one 'might' be facing in the near future, once the Department is notified of charges or cases that will be going to court that information is passed to the Administration."  Defendant Uehling wrote that the Administration could remove a prisoner from the Step-Down Program "per 806.11.1.1 in which case you were removed."

Plaintiff asserts that no detainer, felony hold, or felony hold code has been entered in his AIMS file, and ADC has not produced documentation or evidence that he has participated in any STG or gang activity.  He alleges that Defendant Uehling violated ADC policies and procedures by failing to enter a felony hold into Plaintiff's AIMS file.  Plaintiff claims Defendant Uehling knew Plaintiff had no pending charges, and therefore, Plaintiff should not be deprived of any privilege afforded to the rest of the prisoner population.  Plaintiff further alleges that Defendant Uehling is responsible for "any decisions" in the STG Unit, and it is his responsibility to ensure that he and STG officers abide by the policies and procedures implemented by the ADC Director and to prisoners' constitutional rights.

On July 20, 2021, Plaintiff filed a motion in Maricopa County Superior Court

---

[6] Plaintiff states that the Inmate Letter was dated July 22, *2020*.  However, it appears from Plaintiff's surrounding allegations regarding his removal from the Step-Down Program that the Inmate Letter was dated July 22, *2021*.

requesting disposition of any pending charges.  On August 2, 2021, Plaintiff received a letter from the Maricopa County Superior Court Clerk's Office stating that the Clerk could not process his motion without a valid case number.  On August 6, 2021, Plaintiff received a letter from the Maricopa County Attorney's Office, stating the Office had not located any pending cases or warrants "involving this person" in Maricopa County Superior Court.

At some point, Plaintiff sent an Inmate Letter to Defendant Shinn, stating that his constitutional rights were continually being violated by ADC STG Unit Officers, who had reclassified him to solitary confinement without cause.  Plaintiff wrote that Lieutenants Quintero and Madrigal stated that Plaintiff was pending charges, not that he had engaged in STG activity in the past 24 months.  Plaintiff contends that Defendant Shinn cannot "use the fact that he delegated much of the review of inmate letters/grievances" to "insulate himself from liability for problems of which the inmate letters/grievance[s] would have put him on notice."

## III.   Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   Defendant Shinn

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976)  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's

constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Shinn personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  Rather, Plaintiff alleges that Defendant Shinn is individually liable as a supervisor because he delegated review of grievances that would otherwise have put him on notice of Plaintiff's claims.  A supervisor may be liable for failure to act if he participated in or directed a constitutional violation or he knew of the violation and failed to act to prevent it.  *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013).  For the reasons discussed below, Plaintiff has not stated a claim for any constitutional violation.  Thus, Defendant Shinn is not liable as a supervisor.  The Court will dismiss without prejudice Defendant Shinn.

### B.   Defendant Uehling

Plaintiff claims Defendant Uehling knew Plaintiff had no pending charges, and therefore, Plaintiff should not have been reclassified to maximum custody.  Plaintiff further alleges that Defendant Uehling is responsible for "any decisions" in the STG Unit, and it is his responsibility to ensure that he and STG officers abide by the policies and procedures implemented by the ADC Director and to prisoners' constitutional rights.  To the extent that Plaintiff alleges only that Defendant Uehling violated ADC Department Order or other ADC policy, mere violation of ADC policy does not amount to a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).  And as discussed above, there is no respondeat superior liability under § 1983; thus, Defendant Uehling is not liable for the conduct of his subordinates.  Plaintiff has not alleged any facts to support a conclusion that he suffered any injury as a result of any conduct by Defendant Uehling. The Court will therefore dismiss Defendant Uehling.

1

**C.     Due Process**

2     Plaintiff's claims regarding his removal from the Step-Down Program and his

3 continued placement in maximum custody arise, if all, under the Due Process Clause of the

4 Fourteenth Amendment.  In analyzing a due process claim, the Court must first decide

5 whether Plaintiff was entitled to any process, and if so, whether he was denied any

6 constitutionally required procedural safeguard.  Liberty interests that entitle an inmate to

7 due process are "generally limited to freedom from restraint which, while not exceeding

8 the sentence in such an unexpected manner as to give rise to protection by the Due Process

9 Clause of its own force, nonetheless imposes atypical and significant hardship on the

10 inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472,

11 484 (1995) (internal citations omitted).

12     The opportunity to participate in the Step-Down Program did not create a liberty

13 interest that entitled Plaintiff to due process.  Rather, the Step-Down Program is voluntarily

14 administered by ADC and allows STG prisoners to be removed from maximum custody

15 by meeting certain requirements.  *See Johnson v. Ryan*, 2020 WL 736352 (D. Ariz. Feb.

16 13, 2020).  As such, as long as Plaintiff was afforded the process he was due for his

17 placement in maximum custody, the Court cannot find that he is entitled to greater

18 protections simply because ADC voluntarily offers a program that would create another

19 way for Plaintiff to be removed from maximum custody.  *See id.*; *Sandin*, 515 U.S. 481-

20 84 (a court determines whether a liberty interest is created by a state prison regulation or

21 policy by focusing on the nature of the deprivation it effects); *James v. Rowlands*, 606 F.3d

22 646, 657 (9th Cir. 2010) ("[W]hen a state establishes procedures to protect a liberty interest

23 that arises from the Constitution itself[,] . . . the state does not thereby create a new

24 constitutional right to those procedures themselves, and non-compliance with those

25 procedures does not necessarily violate the Due Process Clause . . . .  Rather, the Due

26 Process Clause itself determines what process is due before the state may deprive someone

27 of a protected liberty interest.").  Thus, Plaintiff cannot state a due process claim based on

28 his removal from the Step-Down Program.

With respect to his placement in maximum custody, the Court notes that Plaintiff does not allege that his original placement in maximum custody in 2016 did not comport with due process requirements.  *See Wilkinson v. Austin*, 545 U.S. 209 (2005) (notice and opportunity to be heard, involving informal, non-adversarial procedures were adequate safeguards for placement in maximum custody).[7]

With respect to Plaintiff's claim that he was erroneously reclassified to maximum custody, changes in conditions of confinement may amount to a deprivation of a state-created and constitutionally protected liberty interest.  *See Sandin*, 515 U.S. at 493 ("[C]ertain changes in conditions may be so severe or so different from ordinary conditions of confinement that, whether or not state law gives state authorities broad discretionary power to impose them, the state authorities may not do so 'without complying with minimum requirements of due process.'").  However, here, Plaintiff was already subject to the conditions in maximum security when he was reclassified on June 2, 2021.  Thus, his continued placement in maximum security did not result in a *change* in his conditions of confinement that would implicate the Due Process Clause.

In any event, in the case of administrative segregation, "[p]rison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated.  The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation.  Prison officials must allow the prisoner to present his views." *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986), *overruled in part on other grounds*, *Sandin*, 515 U.S. 472.  Here, Plaintiff acknowledges a hearing was held before his June 2021 reclassification.  Although Plaintiff characterizes the outcome of the

---

[7] Plaintiff asserts that when DO 806 was revised, his placement was no longer an "administrative decision."  He is incorrect.  Courts typically distinguish changes in placement for disciplinary reasons from changes in placement for administrative purposes, such as security reasons.  *See Stewart v. Alameida*, 418 F. Supp. 2d 1154 (N.D. Cal. 2006) (noting that "[t]he quantum of process that is constitutionally due to segregated inmates depends upon whether the segregation is punitive or administrative in nature"); *see also Bruce v. Ylst*, 351 F.3d 1238, 1287 (9th Cir. 2003) ("California's policy of assigning suspected gang affiliates to the [SHU] is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates.").  Plaintiff's reclassification in June 2021 was still an administrative decision because it was not the result of any disciplinary proceeding against him.

hearing as "predetermined," prison officials provided Plaintiff with all the due process protections to which he was entitled under federal law. Thus, even if prison officials failed to follow ADC procedures that provided more protections than are required under the Due Process Clause, no due process violation occurred. *See James v. Rowlands*, 606 F.2d 646, 657 (9th Cir. 2010) (if prison officials provide an inmate with all the due process protections to which he is entitled under federal law, no due process violation occurs if prison officials fail to follow prison procedures that provide more protections than are required under the Due Process Clause).

Finally, to the extent that Plaintiff claims his custody classification should have been reduced because he met the requirements for reduction under DO 801, mere violations of ADC policy do not amount to a constitutional violation. *See Cousins*, 568 F.3d at 1070.

For the foregoing reasons, Plaintiff fails to state a claim in the First Amended Complaint, and it will be dismissed.

**IV.    Leave to Amend**

Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*,

963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.     Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

. . . .

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion to Amend (Doc. 8) is **granted**.  The Clerk of Court **must file** the lodged proposed First Amended Complaint (Doc. 9).

(2)     The First Amended Complaint is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 1st day of December, 2021.

James A. Teilborg
Senior United States District Judge

## Instructions for a Prisoner Filing a Civil Rights Complaint
## in the United States District Court for the District of Arizona

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

    A certificate of service should be in the following form:

    I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:   _____
Address:_____
            Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

### FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
                    (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/20                                   1

**550/555**

## B.   DEFENDANTS

1.    Name of first Defendant: _____.   The first Defendant is employed
as: _____ at_____.
                          (Position and Title)                                    (Institution)

2.    Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
                          (Position and Title)                                    (Institution)

3.    Name of third Defendant: _____.   The third Defendant is employed
as: _____ at_____.
                          (Position and Title)                                    (Institution)

4.    Name of fourth Defendant: _____.   The fourth Defendant is employed
as: _____ at_____.
                          (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.    If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

     a.   First prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number: _____.
          3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

     b.   Second prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number: _____.
          3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

     c.   Third prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number: _____.
          3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                               ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?            ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities              ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings       ☐ Property          ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes      ☐ No
      b.    Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
            _____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?              ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                 DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.